UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| EDWARD PATTEN and DARLENE PATTEN,[1] | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civil No. 24-10293-LTS |
| CITIZENS BANK, N.A., | )<br>)<br>) |
| Defendant. | )<br>) |

ORDER ON DEFENDANT'S MOTION TO DISMISS (DOC. NO. 8) AND PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (DOC. NO. 12)

May 13, 2024

SOROKIN, J.

Edward and Darlene Patten filed suit against Citizens Bank North America ("Citizens Bank"), claiming they were harmed by the bank's failure to adequately monitor and safeguard their deposits. Doc. No. 1-4 ¶¶ 15–17. They seek a preliminary injunction, Doc. No. 12, and damages, Doc. No. 1-4 (Demand for Relief ¶¶ 1–3). Citizens Bank has opposed the motion for preliminary injunction, Doc. No. 14, and has moved to dismiss the action pursuant to Rule 12(b)(6), Doc. No. 8. For the following reasons, the Motion to Dismiss is ALLOWED, and the Motion for Preliminary Injunction is DENIED AS MOOT.

---

[1] Although the First Amended Complaint does not list Darlene Patten in the case caption, the text of the document identifies her as a plaintiff: "The Co-Plaintiff is Darlene K. Patten ('Wife'), who holds property [which is the subject of the loan at issue in this action] with [Edward Patten] as a Tenant by The Entirety." Doc. No. 1-4 ¶ 2.

I.  BACKGROUND

Edward Patten is an attorney barred in Massachusetts. Doc. No. 1-4 ¶ 1. He represents himself and his wife, Darlene Patten.[2] Id. ¶¶ 1–2. While Patten could represent himself as a pro se litigant, he cannot represent Darlene in this capacity. Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir. 1982) (rejecting non-lawyer's attempt to represent third parties). Because Patten is a lawyer and here represents someone other than himself, the Court declines to apply the more liberal standards applicable to review of pro se pleadings.

The First Amended Complaint makes the following allegations.[3] The Pattens secured a $68,000 Home Equity Line of Credit ("HELOC") from Citizens Bank in October 2012. Doc. No. 1-4 ¶ 6. In June and July 2022, they made payments on the HELOC by mailing two checks totaling $4,000 to a Citizens Bank address in Rhode Island. Id. ¶ 7. The Pattens then received a package from a purported law firm that claimed to represent Citizens Bank. Id. ¶ 8. The Pattens provided the "law firm" with personal information, bank account information, and mortgage account information. Id. ¶ 9.

The Pattens eventually discovered that the "law firm" did not represent Citizens Bank; they had fallen victim to a scam operation. Id. ¶¶ 11–14. Moreover, the checks totaling $4,000 had never reached their intended recipients and had instead been cashed by unknown fraudsters. Id. ¶ 12. The Pattens entered a months-long journey to recoup the lost $4,000. Id. ¶¶ 14–15. While these efforts eventually proved successful, id. ¶ 14, the Pattens did not pay Citizens Bank

---

[2] The Court will refer to Edward Patten using his last name and to his wife using her first name throughout this Order.
[3] In assessing the motion to dismiss, the Court applies the usual standard of review for factual allegations, accepting all "well-pled . . . non-conclusory, non-speculative" facts as true. Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012).

the $4,000, and Citizens Bank did not suspend their obligation to make payments on their HELOC. Id. ¶ 15. The Pattens eventually defaulted on their HELOC. Id. ¶ 15.

The Pattens filed suit against Citizens Bank in Barnstable Superior Court.[4] Doc. No. 10 at 6. Citizens Bank moved to dismiss the case or, alternatively, for a more definite statement. Id. The Superior Court granted the motion and allowed the Pattens to file an amended complaint. Id. The Pattens subsequently filed the First Amended Complaint containing the following causes of action: 1) Negligence; 2) "Breach of contract-failure to provide account information"; 3) "Breach of Contract and TILA"; and 4) "Truth and Lending & Breach of Contract." Doc. No. 1-4 ¶¶ 5–38. In response, Citizens Bank timely removed the case to this Court, citing federal question jurisdiction and supplemental jurisdiction as the grounds for removal. Doc. No. 1 ¶ 8. Citizens Bank also moved to dismiss the First Amended Complaint. Doc. No. 8.

II.   LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," with "enough detail to provide a defendant with 'fair notice of what the . . . claim is and the grounds upon which it rests.'" Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 11–12 (1st Cir. 2011) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007)). The complaint must also contain "enough factual material 'to raise a right to relief above the speculative level.'" Id. at 12. Courts employ a two-pronged approach to assess whether a complaint meets this standard. Id. First, the Court "begin[s] by separating a complaint's factual allegations from its legal conclusions." Id. The Court credits as true only the factual allegations. Id. Second, the Court assesses the factual

---

[4] The Court may consider "official public records," including state court dockets, when deciding the pending motion to dismiss. Freeman v. Town of Hudson, 714 F.3d 29, 36 (1st Cir. 2013).

allegations to determine whether they support a "reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009).

III. DISCUSSION

    A. Negligence

The Pattens allege Citizens Bank negligently failed to investigate the "law firm" that swindled them out of $4,000. Doc. No. 1-4 ¶ 16. They claim they fell behind on their HELOC as a result. Id. ¶ 17. Under Massachusetts law, a plaintiff must allege the following elements to state a claim for negligence: "(1) the defendant owed the plaintiff a duty of reasonable care; (2) the defendant breached that duty; (3) damage resulted; and (4) the defendant's breach caused that damage." Saldivar v. Racine, 818 F.3d 14, 20–21 (1st Cir. 2016).

The Pattens' negligence claim fails at the first step of this analysis; they have not alleged that Citizens Bank owed them a duty of care, nor outlined the parameters of that duty. Simply put, the "relationship between a borrower and lender does not give rise to a duty of care under Massachusetts law." MacKenzie v. Flagstar Bank, FSB, 738 F.3d 486, 495 (1st Cir. 2013); see also Reedy v. NOVAD Mgmt. Consulting, LLC, No. 18-10998, 2018 WL 3370627, at *3 (D. Mass. July 9, 2018) (concluding that "mere existence of a relationship between a servicer and a borrower does not appear to create any additional obligations," and therefore no common law duty was owed by a loan servicer to a borrower to support negligence claim).

The Pattens' First Amended Complaint also falls short on causation. The factual allegations do not plausibly support the conclusion that Citizens Bank's actions or inactions caused the fraud to which the Pattens fell victim. The mere allegation that fraudsters impersonated Citizens Bank or a law firm representing Citizens Bank, without more, is insufficient. Nor do the allegations plausibly support the conclusion that a reasonable investigation by Citizens Bank would have precluded or reduced the Pattens' damages or

recovered the money more quickly, given that the checks had been issued by a different bank. Doc. No. 1-4 ¶ 12. Without allegations of the foregoing nature, Count I fails to plausibly state a claim for negligence.

Additionally, in Massachusetts, the economic loss doctrine prohibits parties bound by a contract from pursuing tort recovery, unless the plaintiff alleges that he suffered physical harm or property damage because of the defendant's conduct. Cumis Ins. Soc'y, Inc. v. BJ's Wholesale Club, Inc., 918 N.E.2d 36, 46 (Mass. 2009); see also In re TJX Cos. Retail Sec. Breach Litig., 564 F.3d 489, 498 (1st Cir. 2009). As the Pattens have not alleged physical harm or property damage, their negligence claim is barred by the economic loss doctrine.[5] Accordingly, the Court ALLOWS Citizens Bank's motion to dismiss the negligence claim.

B.      Breach of Contract

In Counts II, III, and IV of the First Amended Complaint, the Pattens allege Citizens Bank committed breach of contract by failing to provide adequate monthly loan statements and failing to safeguard their personal information and money. Doc. No. 1-4 ¶¶ 18–38. A breach of contract claim must allege the following elements: (1) an agreement between the parties; (2) consideration; (3) the plaintiff was ready, willing, and able to perform his part of the contract; (4) the defendant committed a breach of the contract; and (5) the plaintiff suffered harm as a result. Huang v. RE/MAX Leading Edge, 190 N.E.3d 518, 523 (Mass. App. Ct. 2022). A plaintiff must also "describe the alleged terms of the contract with enough specificity to provide a defendant with the requisite notice of the nature of the claim." Foss v. Marvic, 365 F. Supp. 3d 164, 167 (D. Mass. 2019). Here, because the Pattens have neither identified an agreement with

---

[5] To the extent that the Pattens attempt to allege a claim for negligent infliction of emotional distress, that claim is also barred by the economic loss doctrine. Lewis v. Gen. Elec. Co., 37 F. Supp. 2d 55, 59 (D. Mass. 1999).

specificity, nor described the pertinent contents of any such agreement, they fail to state a claim for breach of contract. The only reference to a contract is a "deposit agreement," Doc. No. 1-4 ¶ 24, which would not plausibly apply to a HELOC. Even assuming the parties formed a contract which required Citizens Bank to provide accurate monthly loan statements and safeguard the Pattens' personal information, the Pattens have not plausibly alleged a breach of such unidentified contractual provisions. The fact that the Pattens were victimized by people who claimed to represent Citizens Bank does not plausibly support the inference that Citizens Bank failed to protect their personal information. The Pattens advance no further allegations to support this inference.

As for the allegedly inadequate monthly statements, the allegations are too conclusory to comply with the federal pleading standard. See Fed. R. Civ. P. 8. The First Amended Complaint alleges unspecified "excessive" charges, the omission of "proof of [unspecified] payments made," the payment of unspecified "outrageous amounts of money to Citizens Bank for monthly payments," and a failure of the statements to "reflect tax payments by Citizens Bank from amounts paid by the [Pattens] to Citizens Bank." Doc. No. 1-4 ¶¶ 19–20, 27–28. The First Amended Complaint contains no further detail regarding these allegations, nor any discernible time period between the origination of the HELOC in 2012 and the filing of the First Amended Complaint in 2024. These conclusory and general allegations are too vague to comply with even the relatively low bar established by Rule 8. As a result, the Court ALLOWS Citizens Bank's motion to dismiss the breach of contract claims.

C. Truth in Lending Act

In Counts II, III, and IV of the First Amended Complaint, the Pattens claim Citizens Bank violated the Truth in Lending Act ("TILA") by failing to provide them with adequate monthly loan statements. Doc. No. 1-4 ¶¶ 19–21. They claim their monthly statements did not

"show [the] actual amounts paid monthly toward the loan" and did "not give [them] credit towards the loan based on payments" they previously made. Id. ¶ 21. Nowhere in these claims do the Pattens cite any provision of TILA allegedly violated by Citizens Bank. This alone is reason enough to dismiss the TILA claims for insufficient pleadings. Rankin v. Saldutti, LLC, No. 19-1508, 2020 WL 256433, at *6 (E.D. Pa. Jan. 17, 2020); Yancey v. First Bank, No. 16-00028, 2016 WL 4126661, at *4 (W.D. Va. Aug. 2, 2016).

In contrast to the rest of the First Amended Complaint, the Demand for Relief section does include a citation to 15 U.S.C. § 1637, but that citation does not save the TILA claims. Section 1637 is a lengthy provision including definitions, as well as substantive provisions outlining creditors' obligations to consumers in various types of credit transactions—many of which are plainly inapplicable to the allegations here. If one or more substantive subsections bear upon the allegations of the First Amended Complaint, the Pattens must invoke some specific portion of the statute and advance non-conclusory factual allegations to support their claims, as well as comply with the requirements of Rule 8. Accordingly, the Motion to Dismiss is allowed as to the TILA claims.

IV.     CONCLUSION

Based on the foregoing, Citizens Bank's Motion to Dismiss, Doc. No. 8, is ALLOWED, and as a result the Court DISMISSES the claims against it. The Court DENIES the Motion for Preliminary Injunction, Doc. No. 12, as moot. If the Pattens wish to proceed with this action, they shall file a Motion to Amend the Complaint by May 28, 2024, with their proposed Second Amended Complaint attached. The Motion should briefly explain how the proposed Second Amended Complaint cures the deficiencies noted by the Court and otherwise complies with Rule 8.

SO ORDERED.

 /s/ Leo T. Sorokin
United States District Judge